## Moore *v.* Moore.

### *Reference of libel for divorce.*

A libel for divorce may be sent to a referee, under ch. 97, sec. 13, Laws of 1874.

From Hillsborough Circuit Court.

Libel for Divorce, by Waity A. Moore against Jonathan B. Moore, which, with the cross-libel filed by Jonathan B. Moore against Waity A. Moore, was heard, at the January term, 1873, of the supreme court, before Sargent, C. J., who decreed a divorce in favor of the said Jonathan B., and denied a divorce to the said Waity A., and also dismissed her petition for alimony.

At the September term, 1873, of the supreme court, both actions were brought forward upon the docket, on motion of Messrs. Sulloway & Topliff, who then appeared for the first time as counsel for Mrs. Moore (other counsel having appeared for her at the original hearing), for a rehearing upon the question of alimony. By arrangement between counsel, the presiding justice—Doe, J.—ordered the hearing to be had before the chief-justice. No hearing was, however, had. At the January term, 1875, of the circuit court, on motion of counsel for Mrs. Moore, both actions were referred to Hon. J. E. Sargent, as referee, " to consider the question of the libellant's alimony." The counsel for Mr. Moore, at the original hearing, and since, were Messrs. Wadleigh & Wallace. When the motion to refer was made, Mr. Wadleigh was absent, attending to his duties in the senate at Washington. Mr. Wallace was present, and stated that he knew nothing about the cases, as his partner, Mr. Wadleigh, had taken the sole charge of them up to that time. It did not appear that Mr. Wallace otherwise assented or objected to a reference. A hearing was had before the referee, who reports that, if the original questions were now before him, he should not report in favor of a divorce in favor of either party. He also reports that Mrs. Moore recover, as alimony, one silk dress pattern, and the sum of twelve hundred dollars, and that neither party recover costs.

The libellee, Mr. Moore, moved that the report of the referee be rejected, and for a hearing by the court,—(1) because the court had no power to refer the case to a referee; (2) because the referee erred in hearing the cause *de novo*, instead of taking notice of such facts as had been proved before him, when he heard the cause as presiding justice, at the January term, 1873, and admitting additional testimony only.

At the hearing, on the motion to reject the report, it was claimed by the libellee, Mr. Moore, and was not disputed by Mrs. Moore, that the

cause was not one which required an extended examination of accounts, books, and vouchers. After the hearing was closed, it was claimed by her that, at the hearing before the referee, evidence was introduced as to her earnings subsequent to her marriage, as to money which she claimed to have paid out for him and in the family, as to the amount of her earnings keeping boarders and dress-making, as to sums expended by her in repairs upon the house, as to property she had at their marriage, and as to property which he had. If in the opinion of the superior court it should become material to know more particularly what examination upon this point was had before the referee, a further hearing before this court should be had, and the case amended accordingly.

The motion was denied by the court, and the libellee excepted, and the questions thereupon arising were transferred to this court for determination by SMITH, J.

*Wadleigh & Wallace*, for the plaintiff.

*Sulloway & Topliff*, for the defendant.

LADD, J. The language of the statute is quite too plain to admit of question, that actions of this sort may be referred. But were it otherwise, I think any objection on that account should be regarded as waived by the defendant,—first, by not objecting at the time the order of reference was made, and, second, by appearing before the referee, and going through with a hearing.

The course pursued by the referee at the trial was clearly right. What authority can be found for any such practice as it would have been for the learned referee to consider and act upon evidence which had been laid before him years before, on a trial between the same parties, where he acted as judge?

I do not see that the amendment of the case suggested could be material in any view, and I think an order as to alimony should be entered in accordance with the report of the referee.

CUSHING, C. J. Counsel suggests, in argument, that the plaintiff tried her case before the referee upon a new theory, entirely different from that brought forward upon a former hearing. I cannot see that she was bound to try her case on the same evidence or the same theory on which she had tried it before. If she had tried it on an inconsistent theory, and on evidence contradictory to what she had given or adduced before, no doubt the counsel might have called the referee's attention to it, and, in some form, might have had the benefit of it.

It is not claimed that this is one of those cases in which the parties have, by law, a right to a trial by jury; and the terms of the statute leave no doubt that the reference in this case was lawful.

I think there should be judgment on the report.

\* RAND, J., C. C.  I concur.  It seems very clear to me that the words of the statute are broad enough to cover libels for divorce.  I also think that the referee did right in hearing the cause *de novo.*

*Judgment on the report.*